UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER, | No. 2: 21-cv-2252 KJN P |
| Plaintiff, | |
| v. | ORDER |
| HOWARD E. MOSELEY, | |
| Defendant. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1 | amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
2 | § 1915(b)(2).

3    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as

true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The only named defendant is Howard Moseley, the Associate Director of the California Department of Corrections ("CDCR") Appeals Office. (ECF No. 1 at 7.) Plaintiff alleges that in September or October 2021, she filed a grievance regarding offender classification. (Id. at 3.) Plaintiff claims that the decision by prison officials addressing her first level grievance violated her constitutional rights. (Id.)

Plaintiff alleges that on December 3, 2021, she received defendant Moseley's response to her second level grievance. (Id.) Plaintiff alleges that defendant Moseley "illegally sided" with prison officials who reviewed the first level grievance. (Id.) Thus, plaintiff appears to claim that defendant Moseley ratified the allegedly unconstitutional decision made by prison officials reviewing her first level grievance.

Attached to plaintiff's complaint are two documents titled "Claimant Appeal Claims Decision Response," dated October 18, 2021, and November 20, 2021. (Id. at 4, 6.) These documents address plaintiff's grievances regarding offender services and offender classification. (Id. at 4, 6.) These documents state that the CDCR Office of Appeals had 60 calendar days to complete a response, but due to the expiration of time, "this response" by the Office of Appeals will be the only response. (Id. at 4, 6.) Also attached to plaintiff's complaint are two memorandums signed by defendant Moseley containing the same information as the October 18, 2021, and November 20, 2021 "Claimant Appeal Claims Decision Response" documents. (Id. at 5, 7.)

Defendant Moseley's responses to plaintiff's grievances indicate that the time for the CDCR Office of Appeals to review the lower decisions addressing plaintiff's grievances expired. For this reason, the Office of Appeals (and defendant Moseley) did not address the merits of plaintiff's grievances.[1] Because defendant Moseley did not address the merits of plaintiff's

---

[1] In his memorandums, defendant Moseley cites California Code of Regulations Title 15, § 3486(i)(10). (ECF No. 1 at 5, 7.) Section 3486(i) lists ten possible responses the Reviewing

grievances, the undersigned finds that he did not ratify the lower decisions.

Because defendant Moseley did not address the merits of plaintiff's grievances, it is unclear how plaintiff is claiming defendant Moseley violated plaintiff's constitutional rights. If plaintiff is claiming that defendant Moseley failed to properly process her grievances, plaintiff is informed that prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).

Plaintiff's complaint is dismissed because plaintiff has not stated a potentially colorable claim against defendant Moseley. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which she complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint

---

Authority may give to appeals, including "time expired," the response given by defendant Moseley to plaintiff's grievances. Cal. Code Regs. tit. 15, § 3486(i)(10). Section 3486(i)(1) provides that the Reviewing Authority may deny a grievance, meaning that the Reviewing Authority found by a preponderance of the evidence available that the decision of the Institutional or Regional Office of Grievances was proper. Id., subsection (1). In other words, Section 3486(i)(1) provides authority for the Reviewing Authority to address the merits of a grievance. This did not occur in plaintiff's grievances attached to his complaint.

supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated:  January 13, 2022

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Mill2252.14

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>       Plaintiff,<br><br>  v.<br><br>HOWARD E. MOSELEY,<br><br>       Defendant. | No.  2: 21-cv-2252 KJN P<br><br><u>NOTICE OF AMENDMENT</u> |

      Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____       Amended Complaint

                                                        _____
                                                        Plaintiff